UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL COLMAN, § | | |
| No. 1232239, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | NO. 3:07-CV-1063-P | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court dated June 14, 2007, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner Rafael Colman ("Colman" or "Petitioner") is confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Tennessee Colony, Texas. Respondent is the Director of the TDCJ-CID.

Statement of the Case: Upon his plea of not guilty to the offense of possession of a controlled substance (cocaine) as charged in the indictment in No. F03-49935, Colman was tried by jury. After the jury returned a guilty verdict, the trial court held a hearing on punishment and

having found that he had committed the two prior felony convictions alleged in the enhancement paragraphs of the indictment, imposed a sentence of life imprisonment.

Petitioner appealed his conviction which was affirmed by the Fifth District Court of Appeals on December 13, 2005. *Colman v. State*, No. 05-04-00146-CR, 2005 WL 3387712 (Tex. App. – Dallas December 13, 2005). Colman's petition for discretionary review was denied without written order on June 28, 2006.

On October 4, 2006, Colman filed a habeas application pursuant to Texas Code of Criminal Procedure article 11.07 challenging his conviction. *Ex parte Colman*, Appl. No. WR-66,771-01. On May 2, 2007, his application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. *Id.*

Petitioner filed the instant petition on June 14, 2007. In response to this petition and this court's show cause order, Respondent filed copies of the prior state proceedings and his answer on September 18, 2007. Petitioner filed his reply on October 3, 2007.

<u>Findings and Conclusions</u>: Review of Colman's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his Section 2254 petition after the effective date of the AEDPA. The AEDPA, in pertinent part, provides that a federal court cannot grant relief under Section 2254 of the act unless the adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C § 2254(d)(1)-(2) (1996). Findings of fact made by a state court are

2

presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1). Where a petitioner challenges a state court's application of federal law under Section 2254(d)(1), the petitioner must also show that the state court's decision was not only erroneous, but objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1(2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 1521 (2000)); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 421 (2004) ("[F]ederal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable.").

Where state habeas relief is denied without an opinion, the AEDPA inquiry is not altered. *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154, 124 S. Ct. 1156 (2004). In such a situation, a federal court: "(1) assumes that the state court applied the proper 'clearly established Federal law' and then (2) determines whether its decision was contrary to or an objectively unreasonable application of that law." *Id*.

Colman asserts three primary grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of counsel on appeal; and (3) insufficiency of the evidence. Each of his arguments is considered below.

INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner argues that he received ineffective assistance of counsel both at trial and in his direct appeal. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance, he must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v.*

3

*Washington*, 466 U.S. 668, 687-694, 104 S.Ct. 2052 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746 (applying *Strickland* to counsel's conduct on appeal). There is a strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Strickland*, 466 U.S. at 690. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 692. Relief will be denied where the petitioner fails to prove either prong of the two-part test. *Id.* at 697.

Colman contends that his attorney's conduct at trial was deficient because he failed to: investigate the case, retain an interpreter for pre-trial meetings with him, due to the fact that Colman spoke little English, contact previous counsel who was fluent in Spanish, and conduct research with respect to a pair of tennis shoes which were admitted into evidence at trial.

Respondent argues that Colman's failure to investigate and to conduct research claims are barred from review because Colman did not exhaust those claims in state court. *See* answer at 8. I find this argument to be without merit. In its response, filed on October 16, 2006, to his article 11.07 application and attached exhibits, to wit: No. WR-66, 771-01at 002-046, the State expressly recognized that Colman was claiming *inter alia* that his trial attorney failed to investigate the chain of custody of the shoes admitted into evidence. *Id*. at 52; *see also id.* at 7 and 11. Therefore, Colman satisfied the exhaustion requirement on these claims. Moreover, even if these claims were unexhausted, this court has authority to deny relief on the merits. § 2254(b)(2).

Colman's claims were addressed on their merits by the trial court in the context of his state habeas application. *Ex Parte Colman*, Appl. No. WR-66, 771-01, p. 64, Trial Ct.'s

4

Findings of Fact and Conclusions of Law. The trial court found that Petitioner "was represented by an attorney who exercised all of the skill and expertise which one could reasonably expect of an attorney and that [Petitioner] was in no way denied his right to effective assistance of counsel either at trial or on appeal." *Id*. The Texas Court of Criminal Appeals accepted the findings of fact and conclusions of law of the trial court. *Ex Parte Colman*, Appl. No. WR-66, 771-01. Claims of ineffective assistance are mixed questions of law and fact. *Strickland*, 466 U.S. at 698. Because the state court rejected Colman's complaints about his trial counsel, this court cannot grant habeas relief unless the state court's decision involves an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d)(1).

Petitioner's conclusory attacks on his attorney's trial representation do not raise colorable ineffective assistance of counsel claims, i.e. no prejudice is shown. Further, he can not show that the state courts' rejection of this ground satisfies the requirements of section 2254(d)(1) or 2.[1] However, the court will discuss his contention with reference to the admission of a pair of white tennis shoes, State's Exhibit 2, at his trial, since this circumstance also relates to ground three, insufficiency of the evidence.

Two Dallas police officers testified that they went to an apartment in response to a citizen's complaint about a drug transaction occurring there. Trial Transcript ("Tr.") Vol. 3, pp. 129-134; Vol. 4, pp. 6-9. The officers knocked on the apartment door and Colman answered. Tr. Vol. 3, pp. 137-137, Vol. 4, pp. 10, 32-34. Colman told the officers that he lived in the apartment and that they could enter the apartment to make sure no drugs were being sold out of

---

[1] It necessarily follows that because there was no basis for questioning counsel's performance in the course of Colman's trial that his attorney cannot be found to have violated *Strickland*'s requirements in not asserting a patently meritless ineffective assistance of counsel claim as a point of error on appeal (ground two in the present petition).

5

it. Tr. Vol. 3, pp. 139-141; Vol. 4, p. 35. Inside the apartment, the officers discovered a plastic bag sticking out of a pair of tennis shoes. Tr. Vol. 3, pp. 150-151, Vol. 4, pp. 46-48. One of the police officers testified that Colman identified the shoes as his. Tr. Vol. 4, pp. 47-48. Inside the bag was crack cocaine. Tr. Vol. 4, pp. 54-57. Colman was arrested and taken to jail wearing the tennis shoes in which the cocaine was found. Tr. Vol. 3, p. 153; Vol. 4., pp. 57, 60-61. The trial court admitted the shoes into evidence over Petitioner's objection based upon the testimony of the supervisor of the inmate property vault system who testified that the shoes remained in the property vault system since Colman's incarceration began. Tr. Vol. 4, pp. 15-25. In addition, Officer Torres identified the shoes as those from which he recovered the cocaine and which Colman wore to the jail following his arrest. Tr. Vol. 4, p. 49.

Colman claims that the shoes were not properly admitted into evidence because they were not in the continuous custody of the jail since his original arrest. He states that they were returned to him when he was initially released and thus were outside police custody until he was later rearrested. *See* Applicant's Separate Memorandum, attached to Federal Habeas Petition. Nothing in the record corroborates his representation that he was released from custody subsequent to his arrest on March 27, 2003 and prior to his trial in January 2004. The fact that the record reflects that he was already in jail when the post indictment warrant was executed and the fact that he received jail credit from March 27, 2003 on the sentenced imposed strongly indicate that he was never released on bond. *See* No. 05-04-00146-CR [F03-49935-VL], Record Vol. 1 at 7 and 31.

Colman has failed to overcome the strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

6

judgment." *Strickland*, 466 U.S, at 690. The trial record shows that Colman's counsel did object to the admission of the shoes into evidence, cross-examined the jail property clerk with respect to the chain of custody and raised concerns regarding the chain of custody of the shoes in his closing arguments. Tr. Vol. 4, pp. 21, 25-30; Vol. 5, pp. 16, 23-24. The trial judge retained an interpreter for the trial and Colman's counsel represented to the trial judge that he had no trouble communicating with Colman up to the first day of trial when Colman for the first time told his counsel that he felt like there were things he did not understand. Tr. Vol. 2, p. 11-12.

Colman has not only failed to show that his counsel's performance fell below objective standards of reasonableness, he has also failed to show that he was prejudiced by his counsel's conduct, i.e. that he would not have been found guilty had the shoes been excluded. *See Strickland*, 466 U.S. at 687-88, 694; *see also Sonnier v. Quarterman*, 476 F.3d 349, 358 (5th Cir. 2007) (petitioner "carries the burden of showing that his trial attorneys' ineffective investigation for mitigation evidence prejudiced his defense"). As detailed above, the evidence against him at trial included testimony from the police officers who observed the cocaine in shoes which Colman identified as his and then wore from the arrest location to the police station. One of the officers also testified that Colman told him that "he used the crack for his habit and he would sell a little bit on the side." Tr. Vol. 3, pp. 161-163. In light of this evidence, it cannot be said that Colman would probably have been found not guilty had the shoes themselves been excluded.

INSUFFICIENCY OF THE EVIDENCE

Federal habeas corpus relief on a claim of insufficiency of the evidence is available only if it be proven that "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781 (1979). Petitioner argues that the shoes admitted into evidence were not the shoes in which the police found the cocaine and which he wore to jail on March 27, 2003. Assuming *arguendo* that the shoes, State's Exhibit 2, were not the ones at the apartment occupied by him on March 27th, the evidence presented at trial was more than sufficient to satisfy the *Jackson v. Virginia* standard.[2] Therefore, the court need not address Respondent's argument that Colman has not exhausted this ground.

**RECOMMENDATION:**

---

[2]The evidence presented at trial to support his possession of controlled substance conviction in the Fifth Court of Appeals' opinion, *supra*, 2005 WL 3387712 (Tex. App. – Dallas) at *4.

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

A copy of this recommendation will be transmitted to Petitioner and counsel for the Respondent.

Signed this 10th day of January, 2008

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

### NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.